By the Court.—Sedgwick, J.
There must be a new trial, because it appears that the referee has given the defendant, as part of his damages, the value of •articles which the answer admitted the plaintiff should have judgment for, and also has directed that the defendant should have judgment for the return of these .articles. If it were not for the matter of damages, the error would not, perhaps, call for anything but a correction of the judgment. It is necessary, however, to have a correct assessment of the damages upon the new trial.
It may be as well, however, to say'a word upon the merits. So far as the testimony now stands, there never had been any default on the part of the mortgagor. The indebtedness had not ever become due, and no demand for payment had been made. The mortgagor was rightfully in possession, and therefore had an interest which could be levied upon under the execution. If nothing further appears upon the new trial, the defendant will be entitled to a judgment for the return of the articles which he claims under his answer, or for their value.
As to that part of the claim which is admitted by the answer, the attention of the appellant’s counsel is called to the last clause of §344 of the Code. I do *445 not think § 385 is to be applied. It is not, however, meant to state here what is the proper course to be taken by the plaintiff.
The counsel for the defendant claims that there is no cause of action stated in the complaint, because no demand is averred. This assumes that the complaint states an action only for wrongful detention after a lawful possession. I am inclined to think that the position is correct. The complaint says defendants “became possessed of,” not “wrongfully possessed of,” and it does not charge that the defendants “ took.” If it was necessary to give a construction to the complaint, I think it would be that the defendants came into possession lawfully. This, however, can not be considered here, as cause of affirmance, because the trial took place without this point being raised, and it might have been cured by amendment upon the trial. The complaint sufficiently avers that the goods and chattels were the property of the plaintiff. Before a new trial, the plaintiff should determine whether he goes upon an unlawful taking or an unlawful detention, or both, and have the complaint so amended that his exact claim shall appear thereon.
For the reason 'first stated, the judgment should be reversed with costs to the appellant to abide the event, the order of reference discharged, and a new trial had.
Curtis, J., concurred.